UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

AVENTURA MALL VENTURE; and
NORDSTROM, INC.,

    Defendants.

_____/

**COMPLAINT**

    Plaintiff, NIGEL FRANK DE LA TORRE PARDO (hereinafter "Plaintiff"), sues AVENTURA MALL VENTURE and NORDSTROM, INC. (hereinafter collectively referred to herein as "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

    1.    This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

    2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

    3.    Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

    4.    At all times material, Defendant, AVENTURA MALL VENTURE, owned and operated a commercial property at 19507 Biscayne Boulevard, Aventura Florida; 19501 Biscayne Boulevard, Aventura, Florida; and 19501 Biscayne Boulevard 1715, Aventura, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public

accommodation in Miami-Dade County, Florida.

5. At all times material, Defendant, AVENTURA MALL VENTURE, was a General Partnership with its principal place of business in Aventura, Florida.

6. At all times material, Defendant, NORDSTROM, INC., owned and operated a commercial retail business located at 19507 Biscayne Boulevard, Aventura, Florida 33180 [1] (hereinafter the "Retail Business"), and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

7. At all times material, Defendant, NORDSTROM, INC., was a foreign profit corporation, registered to do business in the State of Florida, with its principal place of business in Seattle, Washington.

8. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property, and/or businesses operated therein, is located in Miami-Dade County, Florida, Defendant(s) regularly conducts business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

9. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and

---

[1] This business is located within Defendant's, AVENTURA MALL VENTURE's, Commercial Property.

the businesses therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, inhibits him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13. The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15. Defendants, AVENTURA MALL VENTURE and NORDSTROM, INC., own, operate and oversee the Commercial Property, the Retail Business and its general parking lot and parking spots specific to the business.

16. The subject Commercial Property and Retail Business is open to the public and is located in Miami Dade County, Florida.

17. The individual Plaintiff regularly visits the Commercial Property and Retail Business, to include visits to the Commercial Property and businesses located within the Commercial Property on or about December 6th, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and Retail Business. He often visits the Commercial Property and Retail Business in order to avail himself of the services offered there, and because he domiciled nearby in the same County and State as the Commercial Property and the Retail Business, and it is near other business and restaurants he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months from the date of the filing of this Complaint.

18. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the Commercial Property and Retail Business to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and Retail Business and wishes to continue his patronage and use of each of the premises.

19. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and Retail Business. The barriers to access at Defendants' Commercial Property and Retail Business have each denied or diminished Plaintiff's ability to visit the Commercial Property and Retail Business and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

20. Defendant(s), AVENTURA MALL VENTURE and NORDSTROM, INC., own and/or operate a place of public accommodation as defined by the ADA and the regulations

implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant(s), AVENTURA MALL VENTURE and NORDSTROM, INC., is/are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant(s), AVENTURA MALL VENTURE and NORDSTROM, INC., own and/or operate, are located within the Commercial Property.

21. Defendant, AVENTURA MALL VENTURE, as landlord and owner of the Commercial Property, is responsible and jointly and severally liable for all ADA violations listed in Count I of the Complaint, along with Defendant, NORDSTROM, INC.

22. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the Retail Business, with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the Retail Business, in violation of the ADA. Plaintiff desires to visit the Commercial Property and the Retail Business, not only to avail himself of the services available at the Commercial Property and the Retail Business, but to assure himself that the Commercial Property and the Retail Business, are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property and the Retail Business, without fear of discrimination.

23. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and the Retail Business, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants, AVENTURA MALL VENTURE and NORDSTROM, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and Retail Business are the following:

A. <u>Parking</u>

1. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entry Access and Path of Travel</u>

1. The Plaintiff had difficulty opening the entrance door without assistance due to the automatic door opener not functioning. Violation: Elements that are required to be accessible are not usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

2. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and

    accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

3. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  C. <u>Public Restrooms</u>

1. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308

and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

5. The Plaintiff could not use the accessible toilet compartment door, as it is not self-closing and does not have compliant door hardware on both sides. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

6. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

26. Plaintiff requests an inspection of the Defendants' place(s) of public accommodation in order to photograph and measure all of the discriminatory acts listed herein violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.  The remediations for the ADA violations listed herein are readily achievable.

27. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building, the businesses and facilities therein; and has otherwise been discriminated against and damaged by the Defendants

because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

28.    Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29.    Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

31. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the property where Defendants operate the commercial property, and/or the businesses located at and/or within the Commercial Property located in Miami Dade County, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property, and businesses named as Defendants herein, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court

deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 12, 2024

                              **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: bvirues@lawgmp.com
Secondary E-Mails: amejias@lawgmp.com
jacosta@lawgmp.com

By: ___/s/_Beverly Virues_____
    BEVERLY VIRUES
    Florida Bar No.: 123713
    ARMANDO MEJIAS
    Florida Bar No.: 1045152

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: ramon@rjdiegolaw.com

By: ___/s/_Ramon J. Diego_____
    RAMON J. DIEGO
    Florida Bar No.: 68920